UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:
```

---

V.B., *individually and on behalf of her child,* C.M.,

Plaintiffs,

v.

NEW YORK CITY DEPARTMENT OF
EDUCATION,

Defendant.

No. 22-cv-9555 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff V.B., individually and on behalf of her child, C.M., brings this action against Defendant New York City Department of Education in connection with three underlying administrative proceedings brought pursuant to the Individuals with Disabilities Education Act ("IDEA") to enforce C.M.'s right to a free appropriate public education. After Plaintiffs successfully obtained funding for C.M.'s educational placement and related services in due process hearings before impartial hearing officers ("IHOs"), Plaintiffs commenced this action, alleging that Defendant failed to comply with the IHOs' orders. Plaintiffs now move for summary judgment, as well as to strike the declaration of Defendant's attorney. For the reasons that follow, Plaintiffs' motion for summary judgment is granted in part and denied in part, Defendant is *sua sponte* granted summary judgment in part, and Plaintiffs' motion to strike is denied. The Court also remands to the IHO for clarification of Defendant's financial obligations under the February 9, 2021 order.

## BACKGROUND

### I.       Statutory Background

Pursuant to the IDEA, "federal money is available to assist state and local agencies in educating" children with disabilities, "provided that the recipients of those funds comply with various provisions of the Act." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 448 (2d Cir. 2015).[1] One of the purposes of the IDEA is "to ensure that all children with disabilities have available to them a free appropriate public education" ("FAPE"). 20 U.S.C. § 1400(d)(1)(A). A FAPE "must include special education and related services tailored to meet the unique needs of a particular child, and be reasonably calculated to enable the child to receive educational benefits." *Frank G. v. Bd. of Educ. of Hyde Park*, 459 F.3d 356, 363 (2d Cir. 2006).

To ensure that children with disabilities receive a FAPE, "school districts must create individualized education programs ('IEPs') for such children." *C.F. ex rel. R.F. v. New York City Dep't of Educ.*, 746 F.3d 68, 72 (2d Cir. 2014). An IEP is "a written statement that sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable the child to meet those objectives." *R.E. v. New York City Dep't of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012). In New York, Committees on Special Education ("CSEs") convened by the local school district are responsible for developing IEPs. *See id.*; N.Y. Educ. Law § 4402(1)(b)(1).

Parents who believe that their child's IEP is inadequate may file a due process complaint with the appropriate state agency and challenge the IEP in an "impartial due process hearing" before an IHO. *See* 20 U.S.C. §§ 1415(b)(6), (f)(1)(A); N.Y. Educ. Law § 4404(1); *R.E.*, 694 F.3d

---

[1] Unless otherwise indicated, this Memorandum Opinion and Order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

at 175. "Either party may then appeal the case to the state review officer ('SRO'), who may affirm or modify the IHO's order." *Id.*; N.Y. Educ. Law § 4404(2). Finally, the SRO's decision may be challenged in state or federal court. 20 U.S.C. § 1415 (i)(2)(A); *R.E.*, 694 F.3d at 175. "An administrative order that is not appealed [is] final." *Davis v. Banks*, No. 22-CV-8184, 2023 WL 5917659, at *2 (S.D.N.Y. Sept. 11, 2023); 20 U.S.C. § 1415(i)(1).

"[D]uring the pendency of any proceedings," the parent's entitlement to reimbursement is governed by the "stay-put" or "pendency" provision of the IDEA, which provides that "unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child." 20 U.S.C. § 1415(j). "A claim for tuition reimbursement pursuant to the stay-put provision is evaluated independently from the evaluation of a claim for tuition reimbursement pursuant to the inadequacy of an IEP." *Mackey ex rel. Thomas M. v. Bd. of Educ. For Arlington Cent. Sch. Dist.*, 386 F.3d 158, 160 (2d Cir. 2004). "Section 1415(j) represents Congress' policy choice that all [children with disabilities], regardless of whether their case is meritorious or not, are to remain in their current educational placement until the dispute with regard to their placement is ultimately resolved." *Id.* at 160–61. Put simply, § 1415(j) requires an educational agency "to maintain the status quo placement even if the child would otherwise have no substantive right to it." *E. Lyme Bd. of Educ.*, 790 F.3d at 453.

## II.     Factual Background

The following facts are taken from the parties' Local Civil Rule 56.1 statements and are undisputed unless otherwise specified. V.B. is the parent of C.M., an eleven-year-old child with Attention-Deficit/Hyperactivity Disorder. *See* Plaintiffs' Counter Response to Defendant's Rule 56.1 Statement ("Pl. 56.1") ¶¶ 2, 4, Dkt. 29.

On February 5, 2019, Plaintiffs filed a due process complaint against Defendant concerning the 2019-2020 school year, *id.* ¶ 5, which resulted in an impartial due process hearing, *id.* ¶ 6; Amended Complaint ("Am. Compl.") Ex. A, at 1, Dkt. 5. On August 9, 2020, the IHO issued a Findings of Fact and Decision, finding that C.M. was deprived of a FAPE and that Defendant was to (i) reimburse C.M.'s tuition, (ii) fund 5 hours per week of therapeutic services for the academic year, and (iii) fund specialized transportation services with door-to-door pick up and drop off, accompanied by a 1:1 behavioral aide. *Id.* at 4, 9–10. Neither party appealed the IHO's order.

On June 30, 2020, Plaintiffs filed a second due process complaint against Defendant. Pl. 56.1 ¶ 10. This complaint concerned the 2020-2021 school year. *Id.*; Am. Compl. Ex. C, at 4. On October 16, 2020, the IHO issued a pendency order, directing Defendant to fund, during the pendency of the proceeding, (i) placement at C.M.'s school and (ii) specialized transportation services with door-to-door pick up and drop off, accompanied by a 1:1 behavioral aide. *Id.* Ex. B, at 3. On February 9, 2021, the IHO issued a Findings of Fact and Decision, *id.* Ex. C, at 1, 9, finding that C.M. was denied a FAPE for the 2020-2021 school year, *id.* at 4, and ordering that Defendant "pay/reimburse tuition for [C.M.'s school] for [the] 2020/21 school year," *id.* at 9. Again, neither party appealed the IHO's order.

On July 1, 2021, Plaintiffs filed a third due process complaint against Defendant, Pl. 56.1 ¶ 14, which concerned the 2021-2022 school year, *see* Declaration of Andrew J. Rauchberg (Rauchberg Decl.) Ex. 1, at 1, 3, Dkt. 26. The parties executed a pendency form on February 1, 2022, where the parties agreed that Defendant would fund tuition, 1:1 transportation aide services, and extended day sessions. Am. Compl. Ex. F, at 3–4; Pl. 56.1 ¶¶ 18–20. On July 19, 2022, the IHO issued a Findings of Fact and Decision, concluding that Defendant did not provide C.M. with a FAPE. Rauchberg Decl. Ex. 1, at 1, 7, 9. The IHO thus ordered that Defendant fund the cost of

4

C.M.'s 2021-2022 school year placement and related services. *Id.* at 8. This order was similarly not appealed by either party.

Plaintiffs filed this action on November 9, 2022, *see* Complaint, Dkt. 1, alleging violations of the IDEA; 42 U.S.C. § 1983; section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and New York State laws and regulations, *see* Am. Compl. ¶¶ 62–86. In particular, Plaintiffs seek the enforcement of the IHOs' orders. Since Plaintiffs filed the complaint, Defendant has paid some of its outstanding obligations. *See* Pl. 56.1 ¶ 30. Plaintiffs still argue, however, that further funding is owed under the IHOs' orders regarding (i) afterschool services for May and June of 2021, (ii) transportation services for the 2020-2021 school year up until February 9, 2021, (iii) transportation services provided during the 2020-2021 school year after February 9, 2021, and (iv) transportation and afterschool fees for the 2021-2022 school year. *See* Plaintiffs' Reply in Opposition to Defendant's Response ("Pl. Reply") Ex. 2, ¶¶ 13–14, Dkt. 28. Defendant disputes its obligation to pay the third category of fees, but otherwise asserts that funding for the remaining categories is forthcoming. *See* Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion ("Def. Opp.") at 5–9, Dkt. 27.

## LEGAL STANDARD

"Summary judgment in [the IDEA] context involves more than looking into disputed issues of fact; rather, it is a pragmatic procedural mechanism for reviewing administrative decisions." *L.O. v. New York City Dep't of Educ.*, 822 F.3d 95, 108 (2d Cir. 2016). "[U]nlike in an ordinary summary judgment motion, the existence of a disputed issue of material fact will not necessarily defeat the motion." *Bd. of Educ. of N. Rockland Cent. Sch. Dist. v. C.M.*, No. 16-CV-3924, 2017 WL 2656253, at *7 (S.D.N.Y. June 20, 2017), *aff'd sub nom. Bd. of Educ. of N. Rockland Cent. Sch. Dist. v. C.M. on behalf of P.G.*, 744 F. App'x 7 (2d Cir. 2018). The "inquiry is a results-based

standard in many respects, concerned more with a just outcome for a disabled student than with judicial efficiency." *T.Y. v. New York City Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009).

"In considering an IDEA claim, a district court must engage in an independent review of the administrative record and make a determination based on a preponderance of the evidence." *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 837–38 (2d Cir. 2014). That said, "the role of the federal courts in reviewing state educational decisions under the IDEA is circumscribed," *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir. 2007), and the court "must give due weight to the administrative proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy," *M.O. v. New York City Dep't of Educ.*, 793 F.3d 236, 243 (2d Cir. 2015). Moreover, "[a] court may remand a proceeding when it needs further clarification or does not have sufficient guidance from the administrative agencies." *Hidalgo v. New York City Dep't of Educ.*, No. 20-CV-98, 2021 WL 2827037, at *5 (S.D.N.Y. July 7, 2021).

With regard to claims brought under the Rehabilitation Act, unlike claims brought under the IDEA, the traditional summary judgment standard applies. *See Pinn ex rel. Steven P. v. Harrison Cent. Sch. Dist.*, 473 F. Supp. 2d 477, 483 (S.D.N.Y. 2007); *D.C. ex rel. E.B. v. New York City Dep't of Educ.*, 950 F. Supp. 2d 494, 516 (S.D.N.Y. 2013). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The party moving for summary judgment is initially responsible for demonstrating the absence of a genuine issue of material fact." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). If this burden is met, "the burden shifts to the nonmoving party to bring forward specific facts showing a genuine issue for trial." *D.C. ex rel. E.B.*, 950 F. Supp. 2d at 517. A fact is material if it "might affect the outcome of the suit under the

governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *WWBITV, Inc. v. Vill. of Rouses Point*, 589 F.3d 46, 49 (2d Cir. 2009). In determining whether there is a genuine issue of material fact, the Court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Holcomb*, 521 F.3d at 137.

## DISCUSSION

Plaintiffs move for summary judgment on their claims regarding Defendant's compliance with the IHOs' orders, a declaratory judgment, Defendant's violation of § 504 of the Rehabilitation Act, and attorneys' fees.[2] Plaintiffs also move to strike the declaration of Defendant's attorney that was submitted in support of its opposition to Plaintiffs' motion for summary judgment. The Court considers each motion in turn.[3]

### I.      Compliance with the IHOs' Orders

Plaintiffs move for summary judgment on their claims that Defendant failed to comply with several of the IHOs' orders. Defendant opposes summary judgment on the ground that Plaintiffs have already received the relief sought. Plaintiffs do not dispute that Defendant has provided some of the required funding. Pl. 56.1 ¶ 30. Rather, Plaintiffs assert that there are four categories of fees that Defendant has yet to fund.

As an initial matter, although the Court does not have subject matter jurisdiction over these claims under the IDEA, it does under 42 U.S.C. § 1983. *See, e.g.*, *Araujo v. New York City Dep't*

---

[2] In the Amended Complaint, Plaintiffs allege that Defendant violated New York State laws and regulations. *See* Am. Compl. ¶¶ 81–82. Plaintiffs have not moved for summary judgment on this claim.

[3] In its opposition brief, Defendant cursorily requests that all claims against it be dismissed. It has not, however, cross-moved for summary judgment on Plaintiffs' claims, nor has it addressed all of the claims alleged in the Amended Complaint.

*of Educ.*, No. 20-CV-7032, 2023 WL 5097982, at *4 (S.D.N.Y. Aug. 9, 2023) ("IDEA implementation violations generally are redressable through § 1983 actions."); *Rutherford v. Fla. Union Free Sch. Dist.*, No. 16-CV-9778, 2019 WL 1437823, at *25 (S.D.N.Y. Mar. 29, 2019) ("Plaintiffs may seek to enforce their IDEA claim under § 1983, under which this Court has subject matter jurisdiction to enforce favorable administrative decisions rendered under the provisions of the IDEA.").[4]

With regard to Plaintiffs' claims, three of the four categories of fees require little discussion. Plaintiffs assert that there is an outstanding balance regarding (i) afterschool services for May and June of 2021, (ii) transportation services for the 2020-2021 school year up until February 9, 2021, and (iii) transportation and afterschool fees for the 2021-2022 school year. *See* Pl. Reply Ex. 2, ¶¶ 13–14. Defendant does not dispute that Plaintiffs are entitled to these funds, and it asserts that payment for these services has largely been processed. *See* Def. Opp. at 4.[5]

In light of Defendant's representation that payment for these claims is being processed, it argues that "the Court need take no action." *Id.* at 5. However, given Defendant's lack of opposition to Plaintiffs' entitlement to these funds and its assertion that payment for these services is forthcoming, the Court grants Plaintiffs' motion with regard to these services. *See, e.g.*, *N.G.B. v. New York City Dep't of Educ.*, No. 20-CV-6571, 2022 WL 800855, at *2 (S.D.N.Y. Mar. 16, 2022) (granting the plaintiffs' motion for summary judgment where the "defendant [did] not

_____

[4] Although "[o]rdinarily[] plaintiffs must plead and prove a policy or custom that caused a deprivation of their federal rights to hold a municipality liable under § 1983," where such an argument is not raised, "it is unnecessary to address it." *Araujo*, 2023 WL 5097982, at *4; *see also L.B. v. New York City Dep't of Educ.*, No. 21-CV-6626, 2023 WL 1779550, at *6 n.22 (S.D.N.Y. Feb. 6, 2023).

[5] Defendant asserts that payment for the first and third categories has already been processed. Def. Opp. at 4. With regard to the second category, Defendant asserts that payment for transportation services for the 2020-2021 school year through to January 31, 2021 has been processed, and that it will pay for the service through February 9, 2021 upon the receipt of additional invoices. *Id.*

8

dispute that it is obligated to pay any outstanding invoices," notwithstanding the defendant's argument that "court intervention is not necessary").

The Court, however, denies Plaintiffs' motion regarding the remaining category of fees, which concerns transportation services provided during the 2020-2021 school year after February 9, 2021—the date on which the IHO issued a Findings of Fact and Decision for Plaintiffs' second due process complaint. *See* Am. Compl. Ex. C, at 1. Given that "[t]he IDEA does not speak directly to what transportation costs, if any, [Defendant] is obligated to pay[,] . . . the sole source of [Defendant's] reimbursement obligations . . . is the applicable administrative order." *Davis*, 2023 WL 5917659, at *4. But "[b]ased on the administrative record, the Court is unable to determine whether [Defendant's] . . . obligations required it to fund" C.M.'s transportation services after February 9, 2021. *See Rivas v. Banks*, No. 22-CV-10007, 2023 WL 8188069, at *13 (S.D.N.Y. Nov. 27, 2023).

With regard to Plaintiffs' first due process complaint, which concerned the 2019-2020 school year, the IHO issued a Findings of Fact and Decision ordering Defendant to reimburse the tuition for C.M.'s school and fund "specialized transportation services with door-to-door pick up and drop off, accompanied by a 1:1 behavioral aide." Am. Compl. Ex. A, at 9–10. The IHO's pendency order regarding Plaintiffs' second due process complaint required Defendant to fund "[p]lacement" at C.M.'s school and "specialized transportation services with door-to-door pick up and drop off, accompanied by a 1:1 behavioral aide." *Id.* Ex. B, at 3. On February 9, 2021, however, the IHO issued a Findings of Fact and Decision regarding Plaintiffs' second due process complaint, *id.* Ex. C, at 1, ordering only that "[t]he Department [of Education] shall pay/reimburse tuition for Private School for [the] 2020/21 school year," *id.* at 9.

The parties dispute the extent to which that language obligated Defendant to fund C.M.'s transportation services. Although the IHO did not specifically order Defendant to fund transportation services, Plaintiffs assert that such funding was encompassed within Defendant's obligation to reimburse tuition. Plaintiffs' interpretation is plausible given the specific facts at hand. In her decision, the IHO analyzed whether C.M.'s private school placement was appropriate. *Id.* at 5–7. In so finding, the IHO evaluated the services provided by the school, noting that C.M. has a behavioral intervention plan that "is implemented during his commute to and from school by [a registered behavior technician] to assist [C.M.] in transportation, to avoid the dangers of [C.M.'s] high-risk behaviors and states of dysregulation, and to promote the development of his adaptive daily living skills." *Id.* at 7. Here, moreover, Plaintiffs submitted a declaration from the IHO, wherein she stated that "'pay/reimburse tuition' comprised all aspects of [C.M.'s] program from classroom instruction to . . . specialized transportation," Pl. Reply Ex. 2, ¶ 8, and that "[w]ithout [specialized transportation], [C.M.] would not be able to access his special education as a whole," *id.* ¶ 6.[6]

On the other hand, there are factors that counsel against Plaintiffs' interpretation of the order. For one, the order does not explicitly direct Defendant to fund transportation services. *Cf. Donohue v. Banks*, No. 22-CV-8998, 2023 WL 6386014, at *9 (S.D.N.Y. Sept. 30, 2023) ("[T]o the extent the parties request that the Court deviate from the plain language of the

---

[6] Although the IHO's declaration was submitted with Plaintiffs' reply brief, the Court finds it appropriate to consider. "A district court enjoys broad discretion . . . to rely on evidence submitted with . . . reply papers," *Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela*, 341 F. App'x 722, 724 (2d Cir. 2009), and "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party," *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000). Defendant first raised the argument that it was not required to reimburse the relevant transportation services in its opposition brief. The IHO's declaration "respond[s] directly" to Defendant's argument, and it is thus "entirely appropriate to consider." *See Yorke v. TSE Grp. LLC*, No. 18-CV-5268, 2019 WL 3219384, at *2 (S.D.N.Y. July 17, 2019). Moreover, "[Defendant] did not move the . . . court for leave to file a sur-reply to respond to [Plaintiffs'] evidence," and accordingly "failed to seek a timely remedy for any injustice." *Bayway Ref. Co.*, 215 F.3d at 227.

administrative orders, the Court declines."). Moreover, C.M.'s school billed tuition and transportation separately, *see, e.g.*, Am. Compl. Exs. G, H, and the prior pendency order—issued by the same IHO—differentiated between funding "[p]lacement at [C.M.'s] School" and "specialized transportation services," *id.* Ex. B, at 3.

"Put simply, both sides proffer plausible interpretations of the relevant language." *Davis*, 2023 WL 5917659, at *5. Because "[t]he language of the applicable order[] alone does not afford a clear answer," "the proper course is to remand for further clarification." *Id.* "Remand is especially appropriate when the administrative record is insufficient for a court to interpret [an] . . . order, because the IHOs are plainly in the best position to interpret their own orders." *Rivas*, 2023 WL 8188069, at *13; *Donohue*, 2023 WL 6386014, at *11–12 (remanding to the IHO "for further clarification" where "the relevant orders [were] unclear as to" the Department of Education's reimbursement obligations). Although Plaintiffs have submitted a declaration from the IHO, it is not clear to the Court whether this declaration was made in her personal or professional capacity. Remand is thus proper here so the IHO can appropriately develop the administrative record. Moreover, "to the extent the existing orders do not resolve the parties' dispute, further factfinding may be warranted." *Rivas*, 2023 WL 8188069, at *13.

Accordingly, the Court denies Plaintiffs' motion regarding funding for transportation services provided during the 2020-2021 school year after February 9, 2021, and it remands to the IHO for further clarification.

## II.    Declaratory Judgment

Plaintiffs further move for summary judgment on their claims seeking a declaratory judgment that Defendant violated the pendency provision of the IDEA, and that it generally violated their rights under the IDEA and 42 U.S.C. § 1983. "To obtain prospective relief, such as

a declaratory judgment or an injunction, a plaintiff must show . . . a sufficient likelihood that he or she will again be wronged in a similar way." *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012). In *Fiallos v. New York City Department of Education*, for example, the plaintiff sought "a declaration that [the Department of Education] violated [her child's] rights under the pendency provision of the [IDEA]." 840 F. App'x 662, 663 (2d Cir. 2021). Declaratory relief was unavailable, however, where the plaintiff "could not demonstrate a certainly impending future injury." *Id.* at 664. To do so, "a plaintiff cannot rely solely on past injuries; rather, the plaintiff must establish how he or she will be injured prospectively and that the injury would be prevented by the equitable relief sought." *Marcavage*, 689 F.3d at 103.

Here, Plaintiffs proffer no arguments as to any impending future injury. To the contrary, Plaintiffs' request for declaratory relief concerns Defendant's obligations regarding prior proceedings—the most recent of which concerned the 2021-2022 school year, *see* Rauchberg Decl. Ex. 1, at 3, with the corresponding Findings of Fact and Decision having been issued on July 19, 2022, *see id.* at 9. Moreover, Plaintiffs have provided no indication that they have filed any new due process complaints, and they have represented that C.M. is no longer at the private school. "[T]he requested declaratory relief is [thus] aimed at past conduct, a target that is impermissible." *H.B. v. Byram Hills Cent. Sch. Dist.*, 648 F. App'x 122, 125 (2d Cir. 2016); *see also Y.S. v. New York City Dep't of Eductation*, No. 21-CV-711, 2022 WL 3572935, at *10 (S.D.N.Y. Aug. 19, 2022) ("The purpose of declaratory relief is to address ongoing or prospective harm when the legal relations between parties are uncertain.").

Accordingly, the Court denies Plaintiffs' motion. Although Defendant has not formally moved for summary judgment, the court *sua sponte* grants it summary judgment with regard to Plaintiffs' request for declaratory relief. *See AAR Allen Servs. Inc. v. Feil 747 Zeckendorf Blvd*

*LLC*, No. 13-CV-3241, 2014 WL 1807098, at *3 (S.D.N.Y. May 6, 2014), *aff'd*, 599 F. App'x 23 (2d Cir. 2015) ("It is well established that, in considering a motion for summary judgment, a court may grant summary judgment in favor of the non-moving party even without a formal cross-motion . . . so long as the moving party has had an adequate opportunity to come forward with all of its evidence."); *Orix Credit All., Inc. v. Horten*, 965 F. Supp. 481, 484 (S.D.N.Y. 1997) ("Notice to the moving party of the intention to grant summary judgment in favor of the non-moving party is not required . . . where summary judgment is granted to the non-moving party on an issue which has been fully raised by the moving party.").

### III.     Section 504 of the Rehabilitation Act

In the Amended Complaint, Plaintiffs allege that Defendant violated § 504 of the Rehabilitation Act.[7] *See* 29 U.S.C. § 794. The discussion in Plaintiffs' motion regarding § 504 is cursory, at best. *See* Pl. Mot. at 6. Nonetheless, to the extent Plaintiffs move for summary judgment on this claim, it is denied.

Section 504 provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). To make out a prima facie violation of § 504, a plaintiff must show that "(1) plaintiff is a qualified individual with a disability; (2) plaintiff was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (3) such exclusion or discrimination was due to plaintiff's disability." *B.C. v. Mount Vernon Sch. Dist.*, 837 F.3d 152, 158 (2d Cir. 2016). "Section

---

[7] Although the Amended Complaint characterizes this cause of action as one pursuant to "Section 504 of the ADA," Am. Compl. ¶¶ 78–80, Plaintiffs clarify elsewhere that it is "Section 504 of the Rehabilitation Act of 1973," *id.* ¶ 1; *see* Plaintiffs' Memorandum in Support of their Motion ("Pl. Mot.") at 2, Dkt. 19.

504 relief is conditioned on a showing of discrimination, [and] it requires something more than proof of a mere violation of [the] IDEA." *Gabel ex rel. L.G. v. Bd. of Educ. of Hyde Park Cent. Sch. Dist.*, 368 F. Supp. 2d 313, 334 (S.D.N.Y. 2005). "Rather, a plaintiff must put forth evidence that []he was denied a federal benefit because of [his] disability." *Schreiber v. E. Ramapo Cent. Sch. Dist.*, 700 F. Supp. 2d 529, 564 (S.D.N.Y. 2010). Moreover, "a plaintiff must show that a school district acted with bad faith or gross misjudgment." *Maus v. Wappingers Cent. Sch. Dist.*, 688 F. Supp. 2d 282, 301 (S.D.N.Y. 2010); *A.S. v. Mamaroneck Union Free Sch. Dist.*, No. 21-CV-6937, 2024 WL 308211, at *8 (S.D.N.Y. Jan. 26, 2024) (collecting cases).

It is unclear from both the Amended Complaint and Plaintiffs' brief as to what their § 504 claim is based on. Plaintiffs passingly assert that Defendant's failure to implement the IHOs' orders and lack of communication with them constituted "gross misconduct." Pl. Mot. at 6. They cite no case law, however, in support of their claim. Although they point to letters from the Executive Director of C.M.'s private school wherein she describes the outstanding fees, as well as emails between Plaintiffs' attorney, C.M.'s school, and Defendant regarding the implementation of the funding, *see* Declaration of Plaintiff V.B. (Pl. Decl.) Exs. G–L, Dkt. 18, this evidence is insufficient to conclude "that no rational jury could find in favor of" Defendant.[8] *See D.C. ex rel. E.B.*, 950 F. Supp. 2d at 519.

---

[8] In their reply brief, Plaintiffs conclusorily assert that Defendant violated § 504 in light of its delay in providing them with Non-Implementation Notices. The evidence regarding the Notices was also only submitted to the Court as exhibits to Plaintiffs' reply brief. *See* Pl. Reply Exs. P–R. Given that the argument was made for the first time in their reply brief and is not responsive to new issues raised in Defendant's opposition brief, the Court declines to consider it. *See Compania Del Bajo Caroni (Caromin), C.A.*, 341 F. App'x at 724 ("A district court enjoys broad discretion . . . to consider arguments made for the first time in a reply brief."); *Playboy Enterprises, Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 1347 (2d Cir. 1998) ("Arguments made for the first time in a reply brief need not be considered by a court."). Even if the Court were to consider it, however, the evidence would still be insufficient to conclude that no reasonable juror could find in favor of Defendant. *See D.C. ex rel. E.B.*, 950 F. Supp. 2d at 519.

Courts, rather, have granted summary judgment to defendants where the plaintiff fails to put forth evidence that he "was denied a federal benefit because of his disability." *See, e.g.*, *Pinn ex rel. Steven P.*, 473 F. Supp. 2d at 484 (granting the defendant's motion for summary judgment where the plaintiffs did not "put forth any evidence that [the student] was denied a federal benefit *because* of his disability, or even alleged such facts in their complaint" (emphasis in original)); *K.C. v. Chappaqua Cent. Sch. Dist.*, No. 16-CV-3138, 2019 WL 6907533, at *10 (S.D.N.Y. Dec. 19, 2019) (dismissing § 504 claim where none of the evidence showed that the student was denied a benefit "because of his disability"); *Schreiber*, 700 F. Supp. 2d at 564 ("Parents' general assertions that the District failed to convene the CSE or provide IEPs do not establish that the Districts' acts were premised in any way on S.S.'s disability."). Indeed, even a "District's blatant IDEA violation" does not "automatically rise[] to the level of Section 504 discrimination." *Gabel ex rel. L.G.*, 368 F. Supp. 2d at 336–37 (denying the plaintiffs' motion for summary judgment and holding that they would "have to develop an appropriate factual record concerning the District's treatment of other students if they [were] to prevail on their discrimination claim"). Here, Plaintiffs have failed to explain what evidence, if any, supports the notion that C.M. was denied a benefit because of his disability.

Accordingly, the Court denies Plaintiffs' motion for summary judgment. The Court, moreover, is skeptical that Plaintiffs have put forth sufficient evidence from which a reasonable factfinder could conclude that Defendant violated § 504. Although the Court is tempted to grant summary judgment to Defendant on this claim *sua sponte*, given that Defendant has failed to move on this claim or otherwise address it, the Court declines to do so.

## IV.   Attorneys' Fees

Plaintiffs also move for attorneys' fees. "The IDEA grants district courts the discretion to

award reasonable attorneys' fees and costs to a prevailing party." *R.G. v. New York City Dep't of Educ.*, No. 18-CV-6851, 2019 WL 4735050, at *1 (S.D.N.Y. Sept. 26, 2019). A plaintiff "prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 18 (2d Cir. 2014). Here, Defendant does not dispute Plaintiffs' entitlement to attorneys' fees.

"To calculate reasonable attorneys' fees under the IDEA, courts apply the 'lodestar' method," *H.C. v. New York City Dep't of Educ.*, 71 F.4th 120, 126 (2d Cir. 2023), "whereby an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate," *G.M. ex rel. R.F. v. New Britain Bd. of Educ.*, 173 F.3d 77, 84 (2d Cir. 1999). Plaintiffs, however, have not provided any supporting documentation regarding their motion for attorneys' fees. Given that the Court is remanding to the IHO, Plaintiffs may so apply after the IHO has clarified Defendant's financial obligations.

## V.      Motion to Strike

Finally, Plaintiffs move to strike the declaration of Andrew Rauchberg, Defendant's attorney. In considering a motion to strike, district courts "have leeway," and where a declaration contains inadmissible material, "the court may strike those portions[] or may simply disregard them." *Nodoushani v. S. Conn. State Univ.*, 507 F. App'x 79, 80 (2d Cir. 2013); *see also Primmer v. CBS Studios, Inc.*, 667 F. Supp. 2d 248, 254 (S.D.N.Y. 2009) ("a court may . . . strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements," but "nothing in the Federal Rules or the Local Rules of this District requires a court to strike such material").

In moving to strike Rauchberg's declaration, Plaintiffs assert that a declaration by an attorney conflicts with the American Bar Association's Model Rule of Professional Conduct 3.7, which provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." Model Rules of Pro. Conduct r. 3.7(a) (Am. Bar Ass'n). However, "it is well established that an attorney's affidavit can be used, in connection with a summary judgment motion, to place documents produced in discovery before the Court." *Pace v. Air & Liquid Sys. Corp.*, 171 F. Supp. 3d 254, 272 (S.D.N.Y. 2016). That is what Rauchberg's declaration does; it places before the Court the IHO's order dated July 19, 2022. *See* Rauchberg Decl. Ex. 1.

The statements in Rauchberg's declaration otherwise pertain to Defendant's reimbursement of the three undisputed categories of fees owed to Plaintiffs—claims on which the Court has granted Plaintiffs' motion for summary judgment. Plaintiffs' motion to strike in this regard is thus moot because "the exclusion of this material would not change or otherwise affect the outcome here." *Cap. Bridge Co. v. IVL Techs. Ltd.*, No. 4-CV-4002, 2007 WL 3168327, at *10 n.4 (S.D.N.Y. Oct. 26, 2007); *Cloverleaf Realty of New York, Inc. v. Town of Wawayanda*, No. 7-CV-2410, 2010 WL 11655315, at *5 (S.D.N.Y. Sept. 3, 2010), *aff'd*, 423 F. App'x 61 (2d Cir. 2011) ("Because consideration of these letters had no effect on the outcome, . . . the motion to strike them is denied as moot."); *Riley v. Rivers*, No. 15-CV-5022, 2017 WL 1093193, at *1 n.3 (E.D.N.Y. Mar. 23, 2017), *aff'd*, 710 F. App'x 503 (2d Cir. 2018) ("The Court need not and does not consider Plaintiff's motion to strike because, even if [Defendants'] opposition papers were stricken, the outcome here would be the same."); *Gumbs v. Off. of Mental Health*, No. 8-CR-2382, 2012 WL 847353, at *7 (E.D.N.Y. Mar. 13, 2012) (denying motion to strike as moot where "its consideration would not affect the outcome of this action").

Accordingly, the Court denies Plaintiffs' motion to strike.

**CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Plaintiffs' motion for summary judgment, *sua sponte* grants Defendant summary judgment in part, and denies Plaintiffs' motion to strike. In addition, the Court remands for further proceedings consistent with this Memorandum Opinion and Order.

No later than April 4, 2024, the parties shall submit a joint letter to the Court with an update on the status of Defendant's compliance with the IHOs' orders. The parties shall also promptly inform the Court once the IHO has clarified Defendant's financial obligations and the administrative proceeding is otherwise complete. With regard to Plaintiffs' application for attorneys' fees, the parties shall meet and confer within 30 days after the IHO has clarified Defendant's obligations. If the parties are unsuccessful in resolving Plaintiffs' application, Plaintiffs may so apply to the Court.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 16.

SO ORDERED.

Dated:     March 14, 2024
           New York, New York

Ronnie Abrams
United States District Judge